# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-234-CEH-AAS

CLIFFORD EDWARD
ALBRITTON, III

_____

## ORDER

This matter is before the Court on Defendant Clifford Edward Albritton, III's letter to the Court (Doc. 318) seeking post-conviction relief. Although docketed as a "motion for reconsideration," the motion is in essence a motion to vacate under 28 U.S.C. § 2255. The Court, having considered the motion and being fully advised in the premises, will defer ruling on the motion to give Albritton the opportunity to decide whether he wants to proceed under 28 U.S.C. § 2255 on the claims he raises in the instant motion (Doc. 318); to amend his motion to assert any additional claims under 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this court; or to withdraw his motion.

## DISCUSSION

An August 4, 2020, Indictment charged Defendant Clifford Edward Albritton, III with conspiracy to possess with intent to distribute 400 grams or more of fentanyl (Count One) and with possession with intent to distribute 40 grams or more of fentanyl (Count Four). Doc. 30. Following a three-day jury trial, the jury found Albritton guilty on both counts. Doc. 234. Based on the jury's verdict, judgment was entered against

Albritton on January 31, 2022, and he was sentenced to a term of imprisonment of 120 months as to Count One and a 60-month term as to Count Four, both terms to run concurrently. Doc. 274.

On February 2, 2022, Albritton filed a Notice of Appeal (Doc. 276). His trial counsel, Shiobhan Olivero, moved to withdraw (Doc. 277), which was granted, and appellate counsel was appointed. Doc. 281. On August 24, 2023, the Eleventh Circuit issued its opinion affirming Albritton's convictions. Doc. 316. Mandate issued November 9, 2023. Doc. 317.

Now before the Court is Albritton's *pro se* motion in which he challenges his conviction and requests this Court to look over the facts because "Ms. Olivero didn't do anything [he] asked her to do in [his] case or [his] trial." Doc. 318 at 1. He alleges that attorney Olivero "let the Government make [him] look like [he] was a drug dealer." *Id.* Defendant denies ever selling drugs and requests the Court check the facts and free him. *Id.* at 3.

Because the instant motion challenges Albritton's conviction in this criminal case, the motion is essentially a motion to vacate under 28 U.S.C. § 2255. *See, e.g., Zamor v. United States*, 827 F. App'x 939, 944–45 (11th Cir. 2020) (no error in district court's characterization of post-conviction motion as a motion to vacate under § 2255 because it challenged the defense counsel's performance and the legality of defendant's conviction). However, the Court may not immediately process the motion as a § 2255 motion.

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a district court must advise a movant it intends to recharacterize a criminal post-conviction motion as a § 2255 motion and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief under § 2255. Therefore, in compliance with the requirements of *Castro*, the Court advises Defendant Albritton of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court cautions Mr. Albritton that such recharacterization renders this motion and any subsequent § 2255 motion filed with this Court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, Mr. Albritton is cautioned that the motion and any subsequent § 2255 motion shall be subject to the one-year statute of limitations and the successive petition bar applicable to post-conviction motions.

Accordingly, it is

**ORDERED:**

1. Not later than **July 8, 2024**, Defendant Clifford Edward Albritton III must advise this Court whether he seeks to do one of the following:

(a) Proceed under 28 U.S.C. § 2255 on those claims in his motion (Doc. 318);

(b) Amend his motion to assert any additional claims under 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this court; or

(c) Withdraw his motion.

2. Defendant Albritton is cautioned that if he fails to file a timely response in compliance with this order, which requires that he advise the Court he wishes to do one of the above, this cause shall proceed as a separate civil action under 28 U.S.C. § 2255, with the Court considering only those claims in his original motion.

3. The Clerk is directed to send a copy of the Court's form used for filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 with Defendant Albritton's copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on June 6, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Clifford Albritton, *pro se*

4