UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-234-CEH-AAS

CLIFFORD EDWARD
ALBRITTON, III
_____/

## ORDER

This matter comes before the Court on Defendant Clifford Edward Albritton, III's *pro se* Motion for Transcripts (Doc. 319). In the motion, Defendant requests copies of transcripts and other documents filed on the court docket. The Government has not filed a response, but the Court is able to rule on the motion without the need for a response. The Court, having considered the motion and being fully advised in the premises, will deny without prejudice Defendant's Motion for Transcripts.

## DISCUSSION

An August 4, 2020, Indictment charged Defendant Clifford Edward Albritton, III with conspiracy to possess with intent to distribute 400 grams or more of fentanyl (Count One) and with possession with intent to distribute 40 grams or more of fentanyl (Count Four). Doc. 30. Following a three-day jury trial, the jury found Albritton guilty on both counts. Doc. 234. Based on the jury's verdict, judgment was entered against Albritton on January 31, 2022, and he was sentenced to a term of imprisonment of 120 months as to Count One and a 60-month term as to Count Four, both terms to run concurrently. Doc. 274.

On February 2, 2022, he filed a Notice of Appeal (Doc. 276). His trial counsel, Shiobhan Olivero, moved to withdraw (Doc. 277), which was granted, and appellate counsel was appointed. Doc. 281. On August 24, 2023, the Eleventh Circuit issued its opinion affirming Albritton's convictions. Doc. 316. Mandate issued November 9, 2023. Doc. 317.

Now before the Court is Albritton's *pro se* motion requesting free copies of transcripts and other documents filed in the court docket for this criminal action. Doc. 319. His motion states he has no money to pay for the copies, but he states he needs them "to file [his] appeal."[1]

Section 753(f) provides that indigent defendants "in proceedings brought under 2255" are entitled to transcripts at government expense "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f). The statute also authorizes free transcripts for indigent defendants "in criminal proceedings," "in habeas corpus proceedings," or when pursuing a non-frivolous appeal. *See id.* However, "[i]ndigent federal prisoners are not entitled to copies of transcripts at government expense for the purpose of preparing a collateral attack on a conviction." *United States v. Adamson*, 681 F. App'x 824, 827 (11th Cir. 2017) (citing *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir.

---

[1] Review of the appellate docket in *USA v Albritton*, Case No. 22-10369 (11th Cir.), reveals that his convictions were affirmed and Judgment was entered on August 24, 2023. Albritton filed a motion for extension of time to file a request for rehearing, which was granted by the appellate court. A petition for rehearing was due by October 16, 2023. No rehearing petition was filed, and Mandate issued on November 1, 2023. To date, no petition for writ of certiorari has been filed with the United States Supreme Court.

1973); *Skinner v. United States*, 434 F.2d 1036, 1037 (5th Cir. 1970)); *see Walker v. United States*, 424 F.2d 278, 279 (5th Cir.1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.").

There is no pending appeal and no pending Section 2255 proceeding.[2] Thus, the Court cannot say that the action is not frivolous or that transcripts are necessary to decide the issues. *See, e.g., United States v. MacCollom*, 426 U.S. 317, 327 (1976) (noting Section 2255 plaintiff's blanket claim of ineffective assistance of counsel, where any discussion he may have had with his trial counsel would not normally appear in the transcript of proceedings, is not likely to be cured by a transcript).

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Transcripts (Doc. 319) is **DENIED without prejudice** to the Defendant renewing the motion after he advises the Court as to how he intends to proceed under 28 U.S.C. § 2255, as directed by the Court's Order at Doc. 320. Any renewed motion requesting copies must show that the transcripts are needed to decide issues presented in his § 2255 action.

---

[2] The Court has indicated that Defendant's post-conviction motion (Doc. 318) may be re-characterized as a motion under Section 2255, but the Court has not done that yet. Instead, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), the Court has given Defendant until July 8, 2024, to advise the Court as to how he wishes to proceed on his motion at Doc. 318. *See* Doc. 320.

2.      The Clerk shall provide to Albritton, along with his copy of this Order, a copy of the docket sheet in this action and information about the costs of obtaining copies of the sentencing hearing transcript and the jury trial transcripts.

**DONE AND ORDERED** in Tampa, Florida on June 6, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Clifford Edward Albritton III, *pro se*