UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-234-CEH-AAS

CLIFFORD EDWARD
ALBRITTON, III
_____/

### ORDER

This matter comes before the Court on Defendant Clifford Edward Albritton, III's Motion for Credit Time Served (Doc. 324), filed on July 29, 2024. In the motion, Defendant requests the Court "correct" his sentence to account for his good time credits. The Court does not need a response from the Government to rule on the motion. Having considered the motion and being fully advised in the premises, the Court will dismiss Defendant's Motion for Credit Time Served for lack of jurisdiction.

### DISCUSSION

Defendant is serving a 120-month sentence following a jury's verdict finding him guilty of conspiracy to possess with intent to distribute 400 grams or more of fentanyl and possession with intent to distribute 40 grams or more of fentanyl. Docs. 234, 274. He is incarcerated at Bennettsville FCI in South Carolina and has an expected release date of March 23, 2029. *See* https://www.bop.gov/inmateloc/ (last accessed Jan. 14, 2025). Defendant requests the Court "correct" his sentence because he never got credit for good time served in county jail. Doc. 324.

Decisions regarding credit for time spent in custody are made by the United States Bureau of Prisons, not the sentencing court. The Supreme Court has held that 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing." *United States v. Coates,* 775 F. App'x. 669, 670–71 (11th Cir. 2019) (citing *United States v. Wilson,* 503 U.S. 329, 334 (1992)). Instead, the Bureau of Prisons has the authority to make that determination. *United States v. Hardy,* 672 F. App'x 978 (11th Cir. 2017) ("After a defendant begins serving his sentence, the Attorney General, through the Bureau of Prisons, has exclusive authority to determine whether the defendant has spent time in official detention and to compute the amount of credit to which he is entitled.") (citation omitted). Thus, Defendant must first ask the Bureau of Prisons to correct his time credits issue. If the BOP declines to award credit, he may pursue a "claim through the Bureau's Administrative Remedy Program." *United States v. Leverette,* 721 F. App'x 916, 917 (11th Cir. 2018) (citing 28 C.F.R. § 542.10, *et seq*). After he has exhausted the administrative remedy procedures through the BOP, if he is dissatisfied with the result, he may seek judicial review of the credit computation by way of a petition pursuant to 28 U.S.C. § 2241 in the federal district court in the district where he is incarcerated. *Id.; see Fernandez v. United States,* 941 F.2d 1488, 1495 (11th Cir. 1991).

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Credit Time Served (Doc. 324) is **DISMISSED** for lack of jurisdiction.

**DONE AND ORDERED** in Tampa, Florida on January 15, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Clifford Albritton, III, *pro se*